NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSEM ABULKHAIR,<br><br>Plaintiff,<br><br>v.<br><br>ENGELHART, et al.,<br><br>Defendants. | Civil Action No.: 10-1628 (JLL)<br><br>**ORDER** |

Plaintiff seeks to file a Complaint without the prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court grants Plaintiff's application to proceed in forma pauperis. The Court also has reviewed the Complaint and finds that:

1. Plaintiff asserts that this Court has federal question jurisdiction. In the jurisdictional preamble to his Complaint he states that the "action is being brought under the provision of the Restatement (Second) of Torts § 594, § 600, § 601, § 604, § 605 (1977), Title 42 U.S.C. § 1983, Rules of Professional Conduct, Disciplinary Rule 5-107 (B) of the ABA Code of Professional Responsibility and, U.S. Constitution Amendment I, VII and XIV." (Compl. ¶ 3.) However, the actual claims that Plaintiff brings are for libel, intentional infliction of emotional distress, negligent infliction of emotional distress, and punitive damages. Therefore, although Plaintiff lists some federal laws in the preamble, he does not appear to assert any federal claims. This Court has repeatedly made clear to Plaintiff that stating a federal *claim* does not mean merely listing federal statutes.

    Additionally, complete diversity is not plead, conferring diversity jurisdiction over the state law claims. In prior filings with the Court Mr. Abulkhair has asserted that he is a citizen and resident of New Jersey. In this Complaint, he asserts that one of the Defendants, The Law Firm of Sommer and Engelhart, is a New Jersey Corporation. Thus, it appears that jurisdiction over the state law claims is lacking since neither federal question or diversity jurisdiction appears to exist. The Court, therefore, dismisses the Complaint. However, the dismissal will be without

prejudice to Plaintiff to amend the complaint to clarify if he is asserting any federal *claims*.

2. The Court notes that, in addition to the jurisdictional defects discussed above, Plaintiff also appears to be asserting claims previously brought in state court. He states: "The Plaintiff has exhausted all of his state remedies when the New Jersey Supreme Court considered the same on March 10, 2010." (Compl. ¶ 22.) The Court, in a separate Order, has explained that such an "appeal" of a state court ruling is not proper to this Court.

3. Finally, in an Opinion and Order dated February 8, 2010, this Court narrowly limited Plaintiff's future filings without first seeking permission from this Court. This Court cautions Plaintiff that, if he continues to file complaints (1) which only bring state claims where no diversity jurisdiction exists and where no federal *claim* has been asserted or (2) which bring claims that has been previously litigated in state court, the previous narrow restrictions will be expanded or Plaintiff may be subject to other sanctions.

Accordingly, it is on this 215 day of April, 2010,

**ORDERED** that Plaintiff's application to proceed in forma pauperis is GRANTED; and it is further

**ORDERED** that the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that the Complaint in this matter is dismissed without prejudice; and it is further

**ORDERED** that Plaintiff has twenty (20) days from the date of this Order in which to file an amended complaint. Failure to file an amended complaint within twenty days will result in dismissal of the Complaint with prejudice.

JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE